8/26/2024 2:00 PM
24CV41176

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| FRED LOTFI,<br><br>Plaintiff,<br><br>vs.<br><br>PROGRESSIVE UNIVERSAL INSURANCE COMPANY,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT (Declaratory Relief, Breach of Contract)**<br><br>Prayer: $100,000.00<br>ORS 21.160(1)(c)<br><br>JURY TRIAL REQUESTED<br><br>NOT SUBJECT TO MANDATORY ARBITRATION |

COMES NOW, plaintiff, Fred Lotfi, by and through his attorneys, Tyler Staggs and David E. Smith of Spooner Staggs Trial Lawyers, and alleges:

1.

Defendant Progressive Universal Insurance Company ("Progressive") is a foreign corporation, domiciled in Ohio, engaged in the business of selling and underwriting property and casualty insurance. Defendant Progressive is authorized to do business in Oregon and conducts regular and sustained business activities in Multnomah County, Oregon.

**Common Facts**

2.

At all times material herein, the Interstate 5 southbound off-ramp for Exit 294 at its intersection with SW 64th Avenue was located in Portland, Multnomah County, Oregon. The Interstate 5 southbound off-ramp for Exit 294 is a two-lane public roadway running generally in a westerly direction and intersecting with SW 64th Avenue. SW 64th Avenue runs generally in a north/south direction.



Spooner Staggs
Trial Lawyers
530 Center St NE, Suite 712
Salem, OR 97301

3.

On or about August 19, 2020, plaintiff was operating his 1995 Isuzu Rodeo westbound on the Interstate 5 southbound off-ramp for Exit 294, when he came to a stop in the leftmost lane for a red traffic signal at the SW 64th Avenue intersection. An underinsured driver, operating a 1997 BMW 328i, was traveling behind the plaintiff and crashed into the rear of plaintiff's stopped vehicle.

4.

The underinsured driver's negligence, in one or more of the following particulars, was a substantial factor in causing plaintiff's injuries, alleged in greater detail at paragraph 6 below, as a result of the collision referred to in paragraph 3 above:

(a) In following too closely under the circumstances in violation of ORS 811.485;

(b) In driving at a speed that was greater than reasonable under the circumstances in violation of ORS 811.100;

(c) In failing to keep and maintain a proper lookout;

(d) In failing to maintain proper control of his vehicle; and

(e) In failing to exercise due care under the circumstances.

5.

As a result of the underinsured driver's negligence in causing the collision referred to in paragraph 3 above, plaintiff sustained injuries to his left shoulder, left elbow, and neck and back, including but not limited to torn ligaments, and multiple ruptured, protruding, and bulging discs, likely requiring surgical intervention in the future. Plaintiff also sustained a concussion, post-concussive symptoms, and headaches. Some of plaintiff's injuries constitute an aggravation of preexisting

/ / /



Spooner Staggs
Trial Lawyers
530 Center St NE, Suite 712
Salem, OR 97301

conditions. Some or all of plaintiff's injuries and the consequences of them are or may be chronic and permanent and will make plaintiff more susceptible to future injury.

6.

As a result of the underinsured driver's negligence in causing the collision referred to in paragraph 3 above, plaintiff's injuries caused, and will continue to cause, him pain, discomfort, suffering, emotional distress, and inconvenience and interference with his usual and everyday activities, all to plaintiff's noneconomic damages in an amount not to exceed $500,000.00.

7.

As a result of the underinsured driver's negligence in causing the collision referred to in paragraph 3 above, plaintiff incurred economic damages for past medical expenses for medical care and treatment for his injuries in the approximate sum of $55,209.12, and will incur future medical care and treatment for his injuries in the approximate sum of $100,000.00.

8.

On August 19, 2020, plaintiff was the named insured on a motor-vehicle liability policy issued in Oregon by defendant Progressive, number 37196796 ("the motorcycle policy"), with a policy limit for underinsured motorist ("UIM") coverage in the amount of $50,000.00 each person. The only described vehicle on the Declarations page of the motorcycle policy was plaintiff's 1986 Honda VT500 Shadow.

9.

On August 19, 2020, plaintiff was the named insured on a motor-vehicle liability policy issued in Oregon by defendant Progressive, number 37919499 ("the motorhome policy"), with a policy limit for underinsured motorist ("UIM") coverage in

/ / /



Spooner Staggs
Trial Lawyers
530 Center St NE, Suite 712
Salem, OR 97301

the amount of $50,000.00 each person. The only described vehicle on the Declarations page of the motorhome was plaintiff's 1989 Tioga Arrow

10.

The 1995 Isuzu Rodeo occupied by plaintiff in the subject motor-vehicle collision referred to in paragraph 3 above was owned by plaintiff and had more than three wheels.

11.

On or about July 12, 2022, plaintiff initiated a lawsuit against the underinsured driver who caused the subject motor-vehicle collision referred to in paragraph 3 above.

12.

On or about August 16, 2022, plaintiff, or someone on plaintiff's behalf, submitted proof of loss to defendant Progressive for a claim for UIM coverage under the motorcycle and motorhome policies referred to in paragraphs 8 and 9 above concerning the subject motor-vehicle collision referred to in paragraph 3 above.

13.

On or about October 19, 2022, plaintiff settled his claims against the underinsured driver with the underinsured driver's motor-vehicle liability insurer with the consent of all applicable UIM insurers, including defendant Progressive.

14.

On or about November 9, 2022, defendant Progressive denied UIM coverage to plaintiff under the motorcycle and motorhome policies referred to in paragraphs 8 and 9 above based on the policy exclusions set forth in paragraphs 16 and 18 below.

/ / /



Spooner Staggs
Trial Lawyers
530 Center St NE, Suite 712
Salem, OR 97301

**<u>First Claim for Relief – Declaratory Relief</u>**

15.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 above.

16.

The motorcycle policy referred to in paragraph 8 above contains the following exclusion for UIM coverage:

> **EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART III.**
>
> Coverage under this Part III will not apply:
>
> 1. to **bodily injury** sustained by any person while **occupying** or being struck by a motor vehicle that is owned by or furnished for the regular use of **you** or a **relative**. This exclusion does not apply to a **covered motorcycle** that is insured under this Part III;
>
> * * *

17.

The motorcycle policy referred to in paragraph 8 above defines **additional motorcycle, covered motorcycle**, **motorcycle**, and **replacement motorcycle** as follows applicable to the exclusion referred to in paragraph 16 above:

> 2. "**Additional motorcycle**" means a **motorcycle** or **off-road vehicle you** become the owner of during the policy period that does not permanently replace a **motorcycle** shown on the **declarations page** if:
>    a. **we** insure all other **motorcycles you** own;
>    b. the **additional motorcycle** is not covered by any other insurance policy;
>    c. **you** notify **us** within 30 days of becoming the owner of the **additional motorcycle**; and



Spooner Staggs
Trial Lawyers
530 Center St NE, Suite 712
Salem, OR 97301

d. **you** pay any additional premium due.

An **additional motorcycle** will have the broadest coverage **we** provide for any **motorcycle** shown on the **declarations page** other than Total Loss Coverage or Agreed Value Coverage. **We** will provide basic Comprehensive Coverage and Collision Coverage for the **additional motorcycle** instead of Total Loss Coverage or Agreed Value Coverage. If **you** decide to add any coverage to this policy or increase **your** limits, these changes to **your** policy will not become effective until after **you** ask **us**, and **we** have agreed, to add the coverage or increase **your** limits. If **you** ask **us** to insure an **additional motorcycle** more than 30 days after **you** become the owner, any coverage **we** provide will begin at the time **you** request coverage.

* * *

4. "**Covered motorcycle**" means:

a. any **motorcycle** shown on the **declarations page** for the coverages applicable to that **motorcycle**;

b. any **additional motorcycle**; and

c. any **replacement motorcycle**.

* * *

6. "**Motorcycle**" means any motorcycle, motorbike, motor scooter, or motorized trike that is designed for operation principally upon public roads and has at least two wheels, but not more than three wheels.

* * *

12. "**Replacement motorcycle**" means a **motorcycle** or **off-road vehicle** that permanently replaces a **motorcycle** shown on the **declarations page**. A **replacement motorcycle** will have the same coverage as the **motorcycle** it replaces if the **replacement motorcycle** is not covered by any other insurance policy. However:

a. if the **motorcycle** being replaced had coverage under Part IV—Damage To A Motorcycle, such coverage will apply to the **replacement motorcycle** only during the first 30 days after **you** become the owner unless **you** notify **us** within that 30-day period that **you** want **us** to extend coverage beyond the initial 30 days; and



Spooner Staggs
Trial Lawyers
530 Center St NE, Suite 712
Salem, OR 97301

> b. if the **motorcycle** being replaced had Total Loss Coverage or Agreed Value Coverage, **we** will provide basic Comprehensive Coverage and Collision Coverage for the **replacement motorcycle** instead of Total Loss Coverage or Agreed Value Coverage.
>
> If the **motorcycle** being replaced did not have coverage under Part IV—Damage To A Motorcycle, such coverage may be added, but the **replacement motorcycle** will have no coverage under Part IV—Damage To A Motorcycle until **you** notify **us** of the **replacement motorcycle** and ask **us** to add the coverage. If **you** decide to add any coverage to this policy or increase **your** limits, these changes to **your** policy will not become effective until after **you** ask **us**, and **we** have agreed, to add the coverage or increase **your** limits.

18.

The motorhome policy referred to in paragraph 9 above contains the following exclusion for UIM coverage:

> **EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART III.**
>
> Coverage under this Part III will not apply:
>
> 1. to **bodily injury** sustained by any person while **occupying** or being struck by a motor vehicle that is owned by or furnished for the regular use of **you** or a **relative**.
>
>    This exclusion does not apply to a **covered vehicle** that is insured under this Part III;
>
> * * *

19.

The motorhome policy referred to in paragraph 9 above defines **additional vehicle, covered vehicle**, **replacement vehicle**, and **vehicle** as follows applicable to the exclusion referred to in paragraph 18 above:

/ / /



Spooner Staggs
Trial Lawyers
530 Center St NE, Suite 712
Salem, OR 97301

1. "**Additional vehicle**" means a **vehicle you** become the owner of during the policy period that does not permanently replace a **vehicle** shown on the **declarations page** if:
   a. **we** insure all other **vehicles you** own;
   b. the **additional vehicle** is not covered by any other insurance policy;
   c. **you** notify **us** within 30 days of becoming the owner of the **additional vehicle**; and
   d. **you** pay any additional premium due.

   An **additional vehicle** will have the broadest coverage **we** provide for any **vehicle** shown on the **declarations page** other than Total Loss Replacement/Purchase Price Coverage or Agreed Value Coverage. **We** will provide basic Collision Coverage and Comprehensive Coverage for an **additional vehicle** instead of Total Loss Replacement/Purchase Price Coverage or Agreed Value Coverage. If **you** decide to add any coverage to this policy or increase **your** limits, these changes to **your** policy will not become effective until after **you** ask **us**, and **we** have agreed, to add the coverage or increase **your** limits. If **you** ask **us** to insure an **additional vehicle** more than 30 days after **you** become the owner, any coverage **we** provide will begin at the time **you** request coverage.

* * *

4. "**Covered vehicle**" means:
   a. any **vehicle** owned by **you** and shown on the **declarations page** for the coverages applicable to that **vehicle**;
   b. any **additional vehicle**;
   c. any **replacement vehicle**; and
   d. a **trailer** owned by **you**.

* * *

12. "**Replacement vehicle**" means a **vehicle** that permanently replaces a **vehicle** shown on the **declarations page**. A **replacement vehicle** will have the same coverage as the **vehicle** it replaces if the **replacement vehicle** is not covered by any other insurance policy. However:



Spooner Staggs
Trial Lawyers
530 Center St NE, Suite 712
Salem, OR 97301

a. If the **vehicle** being replaced had coverage under Part IV—Damage To A Vehicle, such coverage will apply to the **replacement vehicle** only during the first 30 days after **you** become the owner unless **you** notify **us** within that 30-day period that **you** want **us** to extend coverage beyond the initial 30 days; and

b. if the **vehicle** being replaced had Total Loss Replacement/Purchase Price Coverage or Agreed Value Coverage, **we** will provide basic Collision Coverage and Comprehensive Coverage for the **replacement vehicle** instead of Total Loss Replacement/Purchase Price Coverage or Agreed Value Coverage.

If the **vehicle** being replaced did not have coverage under Part IV—Damage To A Vehicle, such coverage may be added, but the **replacement vehicle** will have no coverage under Part IV until **you** notify **us** of the **replacement vehicle** and ask **us** to add the coverage. If **you** decide to add any coverage to this policy or increase **your** limits, these changes to **your** policy will not become effective until after **you** ask **us**, and **we** have agreed, to add the coverage or increase **your** limits.

* * *

14. "**Vehicle**" means a land motor vehicle, including its permanently attached equipment, that:

a. has built-in:

(i) cooking, refrigeration, sleeping, and bathroom facilities; and

(ii) self-contained:

(a) heating and/or air-conditioning;

(b) drinking water supply system; and

(c) 110-125 volt electrical power system; or

b. is shown on the **declarations page** and customarily used with a fifth-wheel **trailer**:

(i) owned by **you** and insured under **our** Travel Trailer insurance program; and



Spooner Staggs
Trial Lawyers
530 Center St NE, Suite 712
Salem, OR 97301

(ii) containing living quarters.

"**Vehicle**" does not include any type of mobile home, manufactured housing, or any other wheeled device not designed for regular use on public roads.

20.

An actual controversy has arisen and now exists between plaintiff and defendant Progressive concerning whether the policy exclusions referred to in paragraphs 16 and 18 above are enforceable under Oregon law to exclude UIM coverage to plaintiff for the injuries and damages he sustained as a result of the subject motor-vehicle collision referred to in paragraph 3 above.

21.

Plaintiff seeks a judgment declaring that the policy exclusions referred to in paragraphs 16 and 18 above are stricken from the motorcycle and motorhome policies as void and unenforceable under Oregon law, and further, that defendant Progressive is required by Oregon law to provide UIM coverage to plaintiff under the motorcycle and motorhome policies consistent with ORS 742.502 and ORS 742.504 for the injuries and damages he sustained in the subject motor-vehicle collision referred to in paragraph 3 above.

22.

Plaintiff is entitled to an award of reasonable attorney fees pursuant to ORS 742.061(1).

**<u>Second Claim for Relief – Breach of Contract</u>**

23.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22 above.

/ / /

/ / /



Spooner Staggs
Trial Lawyers
530 Center St NE, Suite 712
Salem, OR 97301

24.

The 1997 BMW 328i driven by the underinsured driver in the subject motor-vehicle collision referred to in paragraph 3 above was an underinsured vehicle as that term is understood in the UIM statutes set forth in ORS 742.500 to 742.506 and in the motorcycle and motorhome policies referred to in paragraphs 8 and 9 above. Specifically, the underinsured driver's motor-vehicle liability policy, combined with the other UIM coverage afforded to plaintiff from the insurer for the 1995 Isuzu Rodeo plaintiff was operating in the subject motor-vehicle collision, is inadequate to pay for plaintiff's damages referred to in paragraphs 6 and 7 above.

25.

Plaintiff has paid valuable consideration in the form of premiums to defendant Progressive, which defendant Progressive has accepted, in exchange for defendant Progressive's promise to pay and provide the insurance coverages promised by the terms and conditions of the motorcycle and motorhome policies.

26.

Plaintiff has complied with, or defendant Progressive has waived, all obligations required of plaintiff under the UIM coverage of the motorcycle and motorhome policies.

27.

Based on the damages plaintiff sustained as result of the subject motor-vehicle collision as set forth in paragraphs 6 and 7 above, Plaintiff is entitled to payment of UIM benefits in the amount of $100,000.00 pursuant to the terms and conditions of the motorcycle and motorhome policies as required by Oregon law. Defendant Progressive's denial of UIM coverage to plaintiff and failure to pay any UIM benefits to plaintiff constitutes a breach of both insurance contracts.



Spooner Staggs
Trial Lawyers
530 Center St NE, Suite 712
Salem, OR 97301

28.

Plaintiff has sustained economic damages in the amount of $100,000.00 as a result of defendant Progressive's breach of contract under both the motorcycle and motorhome policies. These economic damages were reasonably ascertainable by defendant Progressive as of February 16, 2023, six months after proof of loss was submitted to defendant Progressive.

29.

Plaintiff is entitled to pre-judgment interest pursuant to ORS 82.010(1)(a).

30.

Plaintiff is entitled to an award of reasonable attorney fees pursuant to ORS 742.061(1).

31.

Plaintiff demands a jury trial.

WHEREFORE, plaintiff prays for judgment against defendant Progressive as follows:

On his First Claim for Relief:

(a) Granting judgment in plaintiff's favor declaring that that the policy exclusions referred to in paragraphs 16 and 18 above are stricken from the motorcycle and motorhome policies as void and unenforceable under Oregon law, and further, that defendant Progressive is required by Oregon law to provide UIM coverage to plaintiff under the motorcycle and motorhome policies consistent with ORS 742.502 and ORS 742.504 for the injuries and damages he sustained in the subject motor-vehicle collision referred to in paragraph 3 above;



Spooner Staggs
Trial Lawyers
530 Center St NE, Suite 712
Salem, OR 97301

(b) Attorney fees pursuant to ORS 742.061;

(c) Cost and disbursements incurred herein; and

(d) Such other relief as the court deems just and proper.

On his Second Claim for Relief:

(a) Economic damages in the amount of $100,000.00;

(b) Attorney fees pursuant to ORS 742.061;

(c) Pre-judgment interest pursuant to ORS 82.010(1)(a);

(d) Cost and disbursements incurred herein; and

(e) Such other relief as the court deems just and proper.

DATED this 26th day of August, 2024.

s/ Tyler E.

TYLER E. STAGGS, OSB# 065172
DAVID E. SMITH, OSB# 124591
Attorneys for Plaintiff
E-mail: tyler@spoonerstaggs.com
dave@spoonerstaggs.com



Spooner Staggs
Trial Lawyers
530 Center St NE, Suite 712
Salem, OR 97301