**Andrew S. Moses, OSB No. 983009**
amoses@gordon-polscer.com
**Micah R. Steinhilb, OSB No. 084820**
msteinhilb@gordon-polscer.com
**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Road
Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922
Facsimile: (503) 242-1264

*Attorney for Defendant*
PROGRESSIVE UNIVERSAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FRED LOFTI,<br><br>            Plaintiff,<br><br>    v.<br><br>PROGRESSIVE UNIVERSAL INSURANCE COMPANY,<br><br>            Defendant. | Case No. 3:24-cv-01616-AR<br><br>DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ON FIRST CLAIM FOR RELIEF<br>Pursuant to Fed. R. Civ. P 56(a)<br><br>Request for Oral Argument |

**LR 7-1(a) CERTIFICATION**

The attorneys for the above-captioned parties made a good faith effort through telephone conference to resolve the basis for this Motion and were unable to do so.

/ / /

/ / /

**DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ON**      Page 1
**FIRST CLAIM FOR RELIEF**

## MOTION

COMES NOW, Defendant, Progressive Universal Insurance Company ("Progressive"), by and through its attorney, Andrew Moses and Gordon & Polscer, LLC, and moves for an Order granting Progressive's cross-motion for summary judgment in its favor on Plaintiffs' First Claim for Relief. In support of this motion, Defendant relies upon the district court's file in its entirety, the Joint Statement of Agreed Facts ("Joint Statement") (ECF No. 9) and attached exhibits (ECF Nos. 9-1 – 9-6), and the Memorandum of Law set forth below.

## MEMORANDUM OF LAW

### I.   Introduction

Plaintiff has moved for summary judgment, and Progressive now cross-moves for summary judgment, on the question of whether Plaintiff is entitled to UIM coverage under policies that did not insure the vehicle he operated at the time of the accident, and after receiving full UIM coverage under the policy that did insure his vehicle. This issue requires the court to interpret an exclusion in the Progressive policies, interpret the same provision in the statutory model policies at ORS 742.504(4)(b), and determine whether the Progressive policies provided coverage that is less favorable to the insured. Here, because Plaintiff is not entitled to UIM coverage under the statutory model policy language or the Progressive policies, the coverage provided by Progressive is not "less favorable," and Progressive's denial was proper. Plaintiff is not entitled to UIM coverage under the Progressive policies, and Progressive is entitled to summary judgment.

### II.   Undisputed Facts

The undisputed facts necessary to resolving this Motion are set forth in the parties' Joint Statement and are adopted in their entirety.

- Plaintiff was injured in a motor-vehicle collision caused by an underinsured driver while occupying his 1995 Isuzu Rodeo (Joint Statement, p.1 at ¶ 1);

- Plaintiff's 1995 Isuzu Rodeo was insured by USAA, and USAA paid Plaintiff UIM policy limits (Joint Statement, pp. 1-2 at ¶¶ 1 and 3);

- Plaintiff was the named insured on motorcycle policy issued by Progressive, policy number 31796796, that insured a 1986 Honda VT500 Shadow motorcycle (Joint Statement of Agreed Facts, p.2 at ¶ 2);

- Plaintiff was the named insured on motorhome policy issued by Progressive, policy number 37919499, that insured a 1989 Tioga Arrow motorhome (Joint Statement of Agreed Facts, p.2 at ¶ 2);

- Both Progressive policies (motorcycle and motorhome) were in effect on the date of the incident (Joint Statement, p.2 at ¶ 2; Motorcycle policy, Ex. 2 Joint Statement (ECF No. 9-2) at p. 1; and Motorhome policy, Ex. 3 to Joint Statement (ECF No. 9-3) at p. 2);

- Plaintiff sought UIM coverage under the Progressive motorcycle and motorhome policies in excess of the UIM coverage provided to Plaintiff by USAA (Joint Statement, p. 2 at ¶ 3); and

- Progressive denied UIM coverage to Plaintiff under both Progressive policies on the basis that the Isuzu Rodeo was owned by Plaintiff, and it did not qualify as a covered vehicle under either policy (Joint Statement at Exs. 5 and 6 (Coverage denial letters) (ECF No. 9-5 and 9-6)).

/ / /

/ / /

**DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ON**    Page 3
**FIRST CLAIM FOR RELIEF**

### III.  Legal Standards

#### A.  Summary Judgment Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

#### B.  Application of Oregon Law

Federal courts sitting in diversity look to the law of the forum state when making choice of law determinations. *Great Am. Alliance Ins. Co. v. SIR Columbia Knoll Assocs. L.P.*, 416 F. Supp. 3d 1098, 1101 (D. Or. 2019) (*citing Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014)). This case involves interpretation of Oregon insurance policies; therefore, Oregon law applies. *Id.* at 1107.

In interpreting a statute, the court's task is to discern the intent of the legislature. ORS 174.020(1)(a); *State v. Gaines*, 346 Or. 160, 165, 206 P.3d 1042, 1047 (2009) (citing *Holman Trf. Co. et al v. Portland et al,* 196 Or. 551, 564, 249 P.2d 175 (1952)). To do that, the court examines the text, context, and legislative history of the statute being analyzed. *Id.* at 171-72.

#### C.  UIM Statutes

The UIM statutes, ORS 742.500 to 742.506, apply to UIM coverage in all policies issued in Oregon. ORS 742.502(1). ORS 742.504 includes the statutorily mandated model UIM policy provisions at establish the minimum UIM coverage that every Oregon-issued UIM policy must provide. ORS 742.504. If a policy provides less favorable coverage than the statutory model policy, Oregon courts invalidate the offending provision. *Kremers v. Hagerty Ins. Agency, LLC*, No. 23-35209, 2024 U.S. App. LEXIS 27267 at *1 (9th Cir. Oct. 24, 2024). To determine if a

policy provides "less favorable coverage" than the statutory model policy, the court must look at the specific facts of the case, and not at the policy in the abstract. *Id.* at *4. If the court determines that the insured would not be entitled to coverage under the facts even if the policy contained the statutory model policy language, then there is no coverage and the insured is not entitled to summary judgment. *Id.* at *4-*6.

IV. **Plaintiff Is Not Entitled to UIM Coverage Under the Progressive Policies or the Statutory Model UIM Policy Language**

UIM coverage worked as intended here. Plaintiff insured his Isuzu Rodeo through USAA, and when he was injured in an accident by an underinsured driver, he received full benefits of his UIM coverage through USAA. Plaintiff now wants more than he bargained for—he also wants excess UIM coverage from the Progressive motorcycle and motorhome policies that did not insure his Isuzu Rodeo.

There is no UIM coverage under the Progressive motorcycle or motorhome policies, or under the statutory model policy language, because Plaintiff was NOT driving a vehicle insured under the Progressive policies at the time of the accident. The only way Plaintiff can possibly claim coverage, is if the court completely strikes the exclusionary language from the policies, but as explained below, this approach is contrary to established precedent. Even if the court concludes that the Progressive policies have different language than permitted by the statute, in order to determine whether the policies provide less favorable coverage than the model policy language in the UIM statute, the court must determine whether, under the particular facts of this case, Plaintiff would be entitled to coverage under the statutory model language. *Id.* If Plaintiff would not be entitled to coverage, the coverage provided by the Progressive policies is not "less favorable." *Id.* Here, because Plaintiff would not be entitled to coverage under the statutory model policy language, there is no coverage and Plaintiff is not entitled to summary judgment.

**DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ON**   Page 5
**FIRST CLAIM FOR RELIEF**

### A. There is No UIM Coverage Under the Progressive Policies

Both Progressive policies exclude coverage where, at the time of the accident, the insured is not driving a vehicle insured under the respective Progressive policy.

### 1. Motorcycle Policy

The Progressive Motorcycle Policy, policy number 37196796, provides:

> **EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART III.**
>
> Coverage under this Part III will not apply:
> 1. to **bodily injury** sustained by any person while **occupying** or being struck by a motor vehicle that is owned by or furnished for the regular use of **you** or a **relative**.
>
>    This exclusion does not apply to a **covered motorcycle** that is insured under this Part III;
>
> * * *

Joint Statement at pp. 2-3, ¶¶ 2 and 4, and Ex. 2 at 20.

The Progressive Motorcycle Policy defines "covered motorcycle" as:

> 4. **"Covered motorcycle"** mean:
>    a. any **motorcycle** shown in the **declarations page** for the coverages applicable to that **motorcycle**;
>    b. any **additional motorcycle**; and
>    c. any **replacement motorcycle**.

Joint Statement, Ex. 2 at p. 8.

That policy defines "motorcycle" as "any motorcycle, motorbike, motor scooter, or motorized trike that is designed for operation principally upon public roads and has at least two wheels, but not more than three wheels. *Id.*

Under the motorcycle policy, there is no coverage when the insured sustains bodily injury while occupying a motor vehicle owned by the insured that is not a "covered motorcycle." Here, Plaintiff was injured while occupying an Isuzu Rodeo owned by the insured, and that vehicle is

not a "covered motorcycle" under the motorcycle policy. Accordingly, there is no coverage under the motorcycle policy for Plaintiff.

2. **Motorhome Policy**

The Progressive Motorhome Policy, policy number 37919499, provides:

> **EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART III.**
>
> Coverage under this Part III will not apply:
> 1. to **bodily injury** sustained by any person while **occupying** or being struck by a motor vehicle that is owned by or furnished for the regular use of **you** or a **relative**.
>
> This exclusion does not apply to a **covered vehicle** that is insured under this Part III;

Joint Statement at pp. 2-3, ¶¶ 2 and 5, and Ex. 3 at p. 24.

The motorhome policy defines "covered vehicle" as

> 4. **"Covered vehicle"** mean:
>    a. any **vehicle** owned by **you** and shown in the **declarations page** for the coverages applicable to that **vehicle**;
>    b. any **additional vehicle**;
>    c. any **replacement vehicle**; and
>    d. a **trailer** owned by **you**.

Joint Statement, Ex. 3 at p. 8. The policy defines "vehicle" as

> 14. **"Vehicle"** means a land motor vehicle, including its permanently attached equipment, that:
>    a. has built-in:
>       (i) cooking, refrigeration, sleeping, and bathroom facilities; and
>       (ii) self-contained:
>          (a) heating and/or air-conditioning;
>          (b) drinking water supply system; and
>          (c) 110-125 volt electrical power system; or
>
> * * *

*Id.* at pp. 9-10.

**DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ON FIRST CLAIM FOR RELIEF**   Page 7

Under the motorhome policy, there is no coverage when the insured sustains bodily injury while occupying a motor vehicle owned by the insured that is not a "covered vehicle," which essentially means a covered motorhome. Here, Plaintiff was injured while occupying an Isuzu Rodeo owned by the insured, and that vehicle is not a "covered vehicle" under the motorhome policy. Accordingly, there is no coverage under the motorcycle policy for Plaintiff.

### B.  There is No Coverage Under the Statutory Model Language

ORS 742.504(4)(b), which is part of the UIM statute, provides, in part:

> This coverage does not apply to bodily injury to an insured while occupying a vehicle, other than an <u>insured vehicle</u>, owned by, or furnished for the regular use of, the named insured or any relative resident in the same household, or through being struck by the vehicle

(Emphasis added). The statute provides model policy language that excludes coverage to an insured that occupies a vehicle other than an <u>insured vehicle</u>.

ORS 742.504(2)(d) defines an <u>insured vehicle</u> as follows:

> (A) The vehicle described in the policy or a newly acquired or substitute vehicle, as each other terms is defined in the public liability coverage of the policy, insured under the public liability provisions of the policy; or
>
> (B) A nonowned vehicle operated by the named insured or spouse if a resident of the same household, provided that the actual use thereof is with the permission of the owner of the vehicle and the vehicle is not owned by nor furnished for the regular or frequent use of the insured or any member of the same household.

Under the statutory model language, Plaintiff would not be entitled to UIM coverage under the facts presented. At the time of the accident, Plaintiff was driving a vehicle that was <u>not insured</u> under the Progressive policies. ORS 742.504(4)(b) excludes coverage where the insured is driving a vehicle that is not an "insured vehicle." ORS 742.504(2)(d) defines "insured vehicle" as either (A) the vehicle described in the policy, or a newly acquired or substitute vehicle; or (B) a

**DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ON FIRST CLAIM FOR RELIEF**  **Page 8**

nonowned vehicle the insured borrows. There is no dispute that the Isuzu Rodeo was owned by the insured, was not newly acquired or a replacement vehicle. Joint Statement at p. 3, ¶¶ 6-7. Accordingly, under the model policy language, Plaintiff would not be entitled to UIM coverage.

### C. The Exclusions in the Progressive policies are not "less favorable" to the Insured than the Exclusion in ORS 742.504(4)(b)

ORS 742.504 provides, in part: "Every policy required to provide the coverage specified in ORS 742.502 (Uninsured motorist coverage) shall provide uninsured motorist coverage that in each instance is no less favorable in any respect to the insured or the beneficiary than if the following provisions were set forth in the policy. However, nothing contained in this section requires the insurer to reproduce in the policy the particular language of any of the following provisions[]". Plaintiff argues that the Progressive policies contain policy language that is less favorable to the insured, and concludes that therefore the exclusions in the motorcycle and motorhome policies must be stricken. This analysis is incorrect, and does not follow precent.

The exclusions in both policies are not overbroad and should not be stricken from each policy as unenforceable. Progressive acknowledges that the language in each exclusion, when read with the other definitions in the policies, is different than the statutory model policy language. However, that does not mean that the policies are impermissibly different or that they provide coverage that is less favorable than the statutory model policy language.

The exclusions in both policies are not less favorable than ORS 742.504(4)(b). To determine whether a policy provision is <u>actually</u> "less favorable" than the statutory model provision, the court must look at the specific facts of a case – not the policy in the abstract. *Kremers v. Hagerty Ins. Agency, LLC*, No. 23-35209, 2024 U.S. App. LEXIS 27267 at *3-*5 (9th Cir. Oct. 24, 2024). This is so because ORS 742.504(2)(c)(A) defines "insured" as the named insured as stated in the policy, which means an actual claimant in an actual claim. *Id.* In *Kremers*, the claimant

**DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ON FIRST CLAIM FOR RELIEF**     Page 9

owned two cars and had separate insurance coverage from separate insurance companies on each. *Id.* at *2. He was driving a Mercedes at the time of the accident, sought UIM benefits from the insurer that covered the Mercedes, and that insurer paid UIM policy limits. *Id.* The claimant then sought UIM benefits from the insurance company that insured his other vehicle, an Alfa Romeo, and the insurer denied coverage on the basis that its policy covered only the Alfa Romeo and excluded the Mercedes under the "Regular Use Exclusion." *Id.* at *2-*3. Claimant sought coverage on the grounds that because the Regular Use Exclusion was broader, and therefore less favorable, than the statutory model provision, it was unenforceable. *Id*. at *3. Judge Immergut granted summary judgment for the insurance company, *Kremers v. Hagerty Insurance Agency, LLC*, No. 3:21-cv-01717-IM, 2023 U.S. Dist. LEXIS 37632 (D. Or. March 7, 2021), *affirmed Kremers v. Hagerty Ins. Agency, LLC*, No. 23-35209, 2024 U.S. App. LEXIS 27267 (9th Cir. Oct. 24, 2024), and the claimant appealed.

The Ninth Circuit affirmed, and held that the policy at issue was not less favorable, because, regardless of the language of the policy exclusion, the insured would not have qualified for coverage even if the policy had included the statutory model language. *Kremers v. Hagerty Ins. Agency, LLC*, No. 23-35209, 2024 U.S. App. LEXIS 27267 at *5-*6 (9th Cir. Oct. 24, 2024). *See also Spear v. State Farm Mut. Auto. Ins. Co.*, No. 23-35356, 2024 U.S. App. LEXIS 27270 at *3-*6 (9th Cir. Oct. 23, 2024) (holding that to determine whether a UIM policy provides coverage "less favorable" than the statutory model policy language, the court must look at the individual facts of the case to determine whether the Plaintiff would be entitled to coverage under the model UIM policy, and rejecting the Plaintiff's claim for UIM coverage under a State Farm policy when she was driving a vehicle insured under a different policy at the time of the accident); *Burright v. State Farm Mut. Auto. Ins. Co.*, No. 23-35357, 2024 U.S. App. LEXIS 27262 at *3-*6 (same).

Plaintiff is not entitled to coverage under the UIM statutory model policy language, and the policies issued by Progressive do not provide coverage less favorable to the insured than the statute. Accordingly, Plaintiff is not entitled to UIM coverage under the Progressive policies, and Progressive is entitled to summary judgment.

V.     **Conclusion**

Under either the statutory model policy language or the two Progressive policies, Plaintiff is not entitled to UIM coverage. Accordingly, the Progressive policies do not provide coverage less favorable to the insured than the statutory model policy language. Plaintiff is not entitled to UIM coverage from Progressive, and Progressive is entitled to summary judgment.

For the foregoing reasons discussed above, Defendant respectfully requests that this court grant Defendant's Cross-Motion for Summary Judgment on First Claim for Relief.

DATED this 27th Day of December, 2024.

Respectfully Submitted:

**GORDON & POLSCER, L.L.C.**

By: *s/ Andrew S. Moses*
  Andrew S. Moses, OSB No. 983009
  *amoses@gordon-polscer.com*

*Of Attorneys for Defendant*
PROGRESSIVE UNIVERSAL
INSURANCE COMPANY