**Andrew S. Moses, OSB No. 983009**
amoses@gordon-polscer.com
Micah R. Steinhilb, OSB No. 084820
msteinhilb@gordon-polscer.com
**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Road
Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922
Facsimile: (503) 242-1264

*Attorneys for Defendant*
*PROGRESSIVE UNIVERSAL INSURANCE COMPANY*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FRED LOFTI,<br><br>            Plaintiff,<br><br>    v.<br><br>PROGRESSIVE UNIVERSAL INSURANCE COMPANY,<br><br>            Defendant. | Case No. 3:24-cv-01616-AR<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY QUESTION TO THE OREGON SUPREME COURT** |

Defendant Progressive Universal Insurance Company ("Progressive") now responds to and opposes Plaintiff Fred Lofti's Motion to Certify Question to the Oregon Supreme Court (ECF #25), filed with this Court on March 28, 2025.

/ / /

/ / /

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY**       Page 1
**QUESTION TO THE OREGON SUPREME COURT**

I.     **INTRODUCTION**

After completion of briefing on cross-motions for summary judgment, originally initiated by Plaintiff, Plaintiff now seeks to avoid a ruling from this Court by moving this Court to certify issues to the Oregon Supreme Court. It seems likely that Plaintiff is taking this course of action because after Plaintiff filed suit, the Ninth Circuit decided appeals in three cases with very similar issues. All of the Ninth Circuit decisions support Defendant's position in the present case. So now after the parties have now expended significant time, effort, and money to submit this matter to the Court for summary judgment, Plaintiff likely sees a significant risk that this Court will rule against him on summary judgment and now seeks to take that decision out of the Court's hands.

Plaintiff's motion to certify the question should be denied because it fails to satisfy the requirements to certify a question set forth in *Western Helicopter Services, Inc., v. Rogerson Aircraft Corporation*, 311 Or. 361, 811 P.2d 627 (1991). This Court is already fully informed of the legal issues in this case, the parties have vigorously briefed those issues, and the Court has three recent Ninth Circuit cases on similar issues to guide its interpretation, and the Court should resist Plaintiff's attempt at post-motion forum shopping.

II.     **ARGUMENT**

    A.     **Legal Standard**

ORS 28.200 sets forth the general standard under which the Oregon Supreme Court will determine whether to exercise its discretion to accept certification of a question of law. That statute provides:

> "The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a United States District Court, a panel of the Bankruptcy Appellate Panel Service or the highest appellate court or the intermediate appellate court of any other state, when requested by the certifying court if there are involved in any proceedings before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court and the intermediate appellate courts of this state."

Local Rule 83-14(a) sets forth the criteria this Court will use when presented with a motion to certify a question of law to the Oregon Supreme Court, and provides that the Court is guided by the criteria set forth in *Western Helicopter Services, Inc., v. Rogerson Aircraft Corporation*, 311 Or. 361, 811 P.2d 627 (1991). *Western Helicopter Services* sets forth five criteria: (1) the certification must come from a designated court; (2) the question must be one of law; (3) the applicable law must be Oregon law; (4) the question must be one that "may be determinative of the cause;" and (5) it must appear to the certifying court that there is no controlling precedent in the decisions of the Oregon Supreme Court or the Oregon Court of Appeals. *Id.* at 364.

### B. The Court Should Deny Plaintiff's Motion to Certify

Applying the criteria from *Western Helicopter Services*, Progressive does not dispute that the first criteria—that the certification is from a designated court—and the third criteria—that the question is one that falls under Oregon law—are met in this case. However, as presented, Plaintiff's question fails to meet the remaining requirements: (a) the second requirement fails because the question proposed by Plaintiff does not pose a clear question of law; (b) the fourth requirement is not met because as framed the question is unlikely to be determinative of the issues in this case; and (c) the fifth requirement is not met because even though the particular question of law at issue in this case has not been answered by Oregon courts, the interpretive methodology for determining these issues has been well established by Oregon courts and applied extensively by courts, including recently by the Ninth Circuit to decide cases very similar to the case before the Court.

#### 1. The Question Proposed is Not a Clear Question of Law and The Question Proposed is Unlikely to Be Determinative

Plaintiff has moved to certify the following proposed question:

> Did the legislature, in excepting "other than an insured vehicle" from the application of ORS 742.504(4)(b), intend to broaden the scope of the exclusion by limiting the exception to covered vehicles under the policy where coverage is sought, or did the legislature intend to narrow the scope of the exclusion by excepting vehicles with insurance so that only uninsured household vehicles were excluded from coverage?

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY            Page 3
QUESTION TO THE OREGON SUPREME COURT**

This question poses a question of legislative intent and is not a clear question of law. The question proposed asks about broadening or narrowing the exclusion. The parties here have each reviewed and presented the entire legislative history of the statute at issue. As set forth in Progressive's briefs responding to Plaintiff's motion for summary judgment and cross-motion for summary judgment, the legislative history does not answer this question and there was very little actual discussion about this statutory language. The question, as proposed, does not squarely frame a legal question. Accordingly, Plaintiff's proposed question fails to meet the second requirement because the question proposed by Plaintiff does not pose a clear question of law.

Additionally, the question proposed does not fairly frame the legal issues in this case and omits the facts that (1) Plaintiff received UIM benefits under the USAA policy insuring the Isuzu Rodeo he was driving when he was injured; (2) the Progressive's policies at issue in this case are not regular automobile policies but rather motorcycle and motorhome policies that cover respectively only those types of vehicles. Accordingly, Plaintiff's proposed question fails to meet the fourth requirement because as framed the question is unlikely to be determinative of the issues in this case

### 2. There is Controlling Precedent

The issues before this Court—whether Plaintiff is entitled to UIM benefits under Progressive's motorcycle and motorhome policies when Plaintiff already received UIM benefits under the USAA policy that insured the Isuzu Rodeo he was driving when he was injured and when that vehicle is not insured under the Progressive policies—require the court to interpret Oregon's Uninsured Motorists statute, interpret Progressive's insurance policies issued to Plaintiff, and then apply a well-established methodology to determine whether the Progressive policies provides benefits "less favorable" than the UIM statute. On the whole, there is nothing novel about this question. Even though the exact question in this case has not been answered by Oregon state courts, the legal principles and interpretive methodology the court will apply are well established in Oregon law.

Additionally, after Plaintiff filed the present action in Multnomah County Circuit Court on August 26, 2025 and while this action was pending, the Ninth Circuit decided three cases on October 24, 2024—*Kremers v. Hagerty Ins. Agency, LLC*, No. 23-35209, 2024 U.S. App. LEXIS 27267 (9th Cir. Oct. 24, 2024), *Spear v. State Farm Mut. Auto. Ins. Co.*, No. 23-35356, 2024 U.S. App. LEXIS 27270 (9th Cir. Oct. 24, 2024), and *Burright v. State Farm Mut. Auto. Ins. Co.*, No. 23-35357, 2024 U.S. App. LEXIS 27262 (9th Cir. Oct. 24, 2024)—that addressed the legal claims that are issue here. Although these are unpublished opinions and not strictly precedential, the reasoning of those cases is persuasive and the interpretive methodology applied by the Ninth Circuit is well-grounded in Oregon case law. Although we do not know the particular reasons the Ninth Circuit designated those opinions as unpublished, Ninth Circuit Rule 36-2 sets forth the criteria that court uses to determine whether to publish an opinion:

> A written, reasoned disposition shall be designated as an OPINION if it:
>
> (a) Establishes, alters, modifies or clarifies a rule of federal law, or
>
> (b) Calls attention to a rule of law that appears to have been generally overlooked, or
>
> (c) Criticizes existing law, or
>
> (d) Involves a legal or factual issue of unique interest or substantial public importance, or
>
> (e) Is a disposition of a case in which there is a published opinion by a lower court or administrative agency, unless the panel determines that publication is unnecessary for clarifying the panel's disposition of the case, or
>
> (f) Is a disposition of a case following a reversal or remand by the United States Supreme Court, or
>
> (g) Is accompanied by a separate concurring or dissenting expression, and the author of such separate expression requests publication of the disposition of the Court and the separate expression.

Based on these factors, we can surmise that when the Ninth Circuit decided *Kremers v. Hagerty Ins. Agency, LLC*, No. 23-35209, 2024 U.S. App. LEXIS 27267 (9th Cir. Oct. 24, 2024), *Spear v.*

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY QUESTION TO THE OREGON SUPREME COURT**      **Page 5**

*State Farm Mut. Auto. Ins. Co.*, No. 23-35356, 2024 U.S. App. LEXIS 27270 (9th Cir. Oct. 24, 2024), and *Burright v. State Farm Mut. Auto. Ins. Co.*, No. 23-35357, 2024 U.S. App. LEXIS 27262 (9th Cir. Oct. 24, 2024), it concluded that those cases were not breaking new ground and deciding a novel question of law.

In reaching its decisions, the Ninth Circuit relied on well-established Oregon case law interpreting Oregon's UM statute and insurance policies, principally *Vega v. Farmers Insurance Co. of Oregon*, 323 Or. 291, 918 P.2d 95 (1996) and *Batten v. State Farm Mut. Auto. Ins. Co.*, 368 Or. 538, 495 P.3d 1222 (Or. 2021). Because there is well-established Oregon law setting forth the methodology to interpret Oregon's Uninsured Motorist statutes and to interpret insurance policies, and because there is guiding case law from the Ninth Circuit addressing the particular issues raised in this case, there is no reason to certify the question to the Oregon Supreme Court, and this Court should deny Plaintiff's motion to certify the question and decide this matter on the merits of the cross-motions for summary judgment that are already pending before the Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III.    CONCLUSION

For the foregoing reasons, because Plaintiff's proposed question fails to meet the standard set forth in *Western Helicopter Services, Inc., v. Rogerson Aircraft Corporation*, 311 Or. 361, 811 P.2d 627 (1991), this Court should deny Plaintiff's motion to certify the question and decide this case on the pending cross-motions for summary judgment that are before the court.

DATED this 11th Day of April, 2025.

                                          Respectfully Submitted:
                                          **GORDON & POLSCER, L.L.C.**

                                          By: *s/ Micah R. Steinhilb*
                                               Andrew S. Moses, OSB No. 983009
                                               amoses@gordon-polscer.com
                                               Micah R. Steinhilb, OSB No. 084820
                                               msteinhilb@gordon-polscer.com

                                          *Of Attorneys for Defendant*
                                          *PROGRESSIVE UNIVERSAL*
                                          *INSURANCE COMPANY*