**Tyler E. Staggs, OSB No. 065172**
Email: tyler@spoonerstaggs.com
**David E. Smith, OSB No. 124591**
Email: dave@spoonerstaggs.com
Spooner Staggs Trial Lawyers
530 Center Street N.E., Suite 712
Salem, OR 97301
Phone: (503) 378-7777
Fax: (503) 588-5899

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FRED LOTFI, | Case No. 3:24-cv-01616-AR |
| Plaintiff, | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CERTIFY QUESTION TO THE OREGON SUPREME COURT** |
| vs. | |
| PROGRESSIVE UNIVERSAL INSURANCE COMPANY, | |
| Defendant. | |

COMES NOW, Plaintiff, Fred Lotfi, by and through his attorney, David E. Smith and Spooner Staggs Trial Lawyers, and replies in support of Plaintiff's Motion to Certify Question to Oregon Supreme Court. In support of this Reply, Plaintiff relies upon the trial court's file in its entirety and the Memorandum of Law set forth below.

### MEMORANDUM OF LAW

At issue in this case is the interpretation of "other than an insured vehicle" as used in ORS 742.504(4)(b). As set forth in Plaintiff's Motion to Certify Question to Oregon Supreme Court (ECF No. 25), the factors considered by the District Court in exercising its discretion to

certify a question to the Oregon Supreme Court, as set forth in *Western Helicopter Services, Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 364-65, 811 P.2d 627 (1991), have been met.

Defendant attempts to argue that three of the five requirements are not met because, in Defendant's opinion, the question is not clear and is not determinative of the cause. The question presents the Oregon Supreme Court with the choice to pick the interpretation of ORS 742.504(4)(b) offered by Defendant or the interpretation offered by Plaintiff. The answer to that question will resolve this case, as discussed by Plaintiff in his Motion. Defendant further admits that there is no controlling authority on the issue, but refuses to concede that point because of the existence of unpublished opinions on the issue by the Ninth Circuit and Oregon case law on how to interpret Oregon UM/UIM insurance policy provisions. None of Defendant's arguments on these issues are persuasive.

In reaching this issue, Plaintiff asks this court to take judicial notice of the argument and briefing in a case pending before the Oregon Supreme Court, *Kristina Sheppard v. Progressive Classic Insurance Company*, Case No. S071887.[1] The *Sheppard* case involves the interpretation of "furnished for regular use" in ORS 742.504(4)(b), which is the same exclusion at issue in this case. Relevant to this case, throughout oral argument, the justices and attorneys, including the attorney for the defendant insurer, Progressive Classic Insurance Company, acknowledged that the purpose of the exclusion, as set forth by Plaintiff in this case, is to prevent the named insured and his family from insuring multiple vehicles within the same household by purchasing insurance for only one vehicle. It appears likely that the Oregon Supreme Court's

---

[1] Oral argument can be watched at this link:
https://oregoncourts.mediasite.com/mediasite/Channel/default/watch/5bd6c80ae3d24220adb172d703510f8f1d.

Page 2 – PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CERTIFY QUESTION TO THE OREGON
              SUPREME COURT

opinion in *Sheppard* will be interpreted through the lens of this purpose, as proposed by Plaintiff in this case.

The unpublished opinions from the Ninth Circuit for which Defendant asserts are "persuasive" on this issue do not interpret ORS 742.504(4)(b) through this lens. For this reason, the Oregon Supreme Court is unlikely to view the issue in the same way as the Ninth Circuit has in those past opinions. Plaintiff seeks certification of this issue to ensure resolution consistent with how the Oregon Supreme Court would decide the issue. The *Western Helicopter* factors are clearly met. Therefore, this court has discretion to certify the question.

For the foregoing reasons discussed above and in Plaintiff's Motion to Certify Question to Oregon Supreme Court, Plaintiff respectfully request that this court enter an order certifying the question stated previously in his Motion to the Oregon Supreme Court simultaneously with the question presented in *Irby*.

DATED this 18th day of April, 2025.

s/ David E. Smith  
TYLER E. STAGGS, OSB# 065172  
DAVID E. SMITH, OSB# 124591  
Spooner Staggs Trial Lawyers  
Of Attorneys for Plaintiffs  
E-mail: tyler@spoonerstaggs.com  
dave@spoonerstaggs.com

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CERTIFY QUESTION TO THE OREGON SUPREME COURT** to the following:

Andrew S. Moses, OSB No. 983009
Micah R. Steinhilb, OSB No. 084820
Gordon & Polscer, LLC
9020 SW Washington Square Road, Suite 560
Portland, OR 97223
Phone: (503) 242-2922
Fax: (503) 242-1264
Email address: amoses@gordon-polscer.com,
msteinhilb@gordon-polscer.com
   Of Attorney for *Defendant*

☒    by emailing a copy to said attorney at the above email address with consent of counsel;

☒    by serving correct copies thereof, certified by me as such, to attorneys via the United States District Court for the District of Oregon's CM/ECF filing system.

☐    by mailing a copy in a sealed, first-class, postage prepaid envelope, addressed to said attorneys at the above address and deposited in the U.S. Mail;

DATED this 18th day of April, 2025.

                                      s/ David E. Smith
                                      TYLER E. STAGGS, OSB# 065172
                                      DAVID E. SMITH, OSB# 124591
                                      Spooner Staggs Trial Lawyers
                                      Of Attorneys for Plaintiffs
                                      E-mail: tyler@spoonerstaggs.com
                                                   dave@spoonerstaggs.com